# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**REMI PROPERTIES, INC.,**

        **Plaintiff,**

v.                                                 **Case No: 6:21-cv-1063-PGB-DCI**

**INDIAN HARBOR INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, PRINCETON EXCESS & SURPLUS INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, HDI GLOBAL SPECIALTY SE, LEXINGTON INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY and UNITED SPECIALTY INSURANCE COMPANY,**

        **Defendants.**
_____/

## ORDER

This cause comes before the Court on Defendants' Motion to Dismiss Due to Arbitration (Doc. 4 (the "**Motion**")). Plaintiff does not oppose arbitration but has requested a stay rather than a dismissal. (Doc. 14). Upon consideration, the Court will stay this action pending arbitration.

**I.**      **BACKGROUND**

This dispute arises from an insurance claim brought by Plaintiff after Hurricane Irma damaged Plaintiff's property in September 2017. (Doc. 1-1, p. 2). Defendant-Insurers initially compensated Plaintiff for the damage, but Plaintiff now contends that this payment was inadequate under the terms of the insurance policy ("**Policy**"). (Doc. 1-1, pp. 3–4). To remedy this alleged shortfall, Plaintiff sued Defendants on May 25, 2021, in the 18th Judicial Circuit of the State of Florida. (Doc 1-1).

In return, Defendants demanded arbitration by letter on June 23, 2021, citing a clause in the Policy that states: "'[a]ll matters in difference between the [Plaintiff] and the [Defendants] in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.'" (Doc. 14-1 (citing Doc. 4-1, pp. 49–50)). Defendants then filed a timely Notice of Removal, followed by the instant Motion. (Doc 1; Doc 4).

Surprisingly, Plaintiffs then took initial steps to arbitrate. (Doc. 14-3). Plaintiff could have saved themselves the headache of filing their claim in state court, appearing before this Court after removal, and responding to the Defendant's Motion at the outset. Instead, Plaintiffs waited to commence arbitration only after receipt of Defendants' demand by proposing an arbitrator in the manner prescribed under the Policy on July 7, 2021. (Doc. 14-3). In the meantime, Plaintiff responded to the Motion by requesting a stay rather than outright dismissal. (Doc. 14).

2

## II. DISCUSSION

Since Plaintiffs initiated arbitration after Defendants' Motion, the request to compel arbitration is unopposed. The only remaining issue for the Court is whether to stay or dismiss these proceedings. The Federal Arbitration Act provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay* the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

9 U.S.C. § 3 (emphasis added). Plaintiff has requested a stay to ensure good faith completion of arbitration, so the Court will stay these proceedings rather than dismiss them.

## III. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants' unopposed Motion to compel arbitration (Doc. 4) is **GRANTED**.
2. The request for dismissal (Doc. 4), however, is **DENIED**.
3. This action is **STAYED** pending the completion of arbitration.
4. The parties are **DIRECTED** to continue arbitration procedures as outlined by the Policy and to file a joint status report on September 30, 2021 and every ninety (90) days thereafter until the conclusion of arbitration proceedings.

5. The Clerk of the Court is **DIRECTED** to administratively close the file with the Court retaining jurisdiction over any post-arbitration motions the parties may make.

**DONE AND ORDERED** in Orlando, Florida on August 13, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties